*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

BENJAMIN ROBINSON,

        Plaintiff-Appellant,

v

WOLVERINE MUTUAL INSURANCE
COMPANY,

        Defendant-Appellee.

UNPUBLISHED
March 30, 2023

No. 360092
Wayne Circuit Court
LC No. 21-003188-AV

Before: PATEL, P.J., and SWARTZLE and HOOD, JJ.

SWARTZLE, J (*dissenting*).

Three different bites at the apple, three different statements of "fact" by plaintiff. (1) In his complaint, plaintiff alleged that defendant, Wolverine Mutual Insurance Company, insured his vehicle. (2) Then, in answering defendant's interrogatory, plaintiff asserted that AAA Insurance Company insured his vehicle. (3) Then, in responding (late) to a motion for summary disposition, plaintiff asserted that, actually, AAA did not insure his vehicle. (4) The majority is now granting plaintiff a fourth bite at this lawsuit, an opportunity that I would decline.

The majority relies on three grounds to distinguish this appeal from our case law that holds that, generally speaking, a party cannot manufacture an issue of fact by providing contradictory information during discovery. The first ground cited by the majority is that our case law centers on deposition testimony and subsequent affidavits, not interrogatory answers. While this is a distinction, I do not see the difference, at least not a difference that favors plaintiff. A person gives *sworn* testimony *under oath* in a deposition, MCR 2.306(C)(1)(a), and a person gives a *sworn* answer *under oath* to an interrogatory, MCR 2.309(B)(1). In fact, there is less of an excuse to give an inaccurate answer to an interrogatory than a deposition question, when a party has 28 days to answer an interrogatory, MCR 2.309(B)(4), but a deponent generally has to answer a deposition question on the spot.

On the second ground, the majority is correct that our court rules require a party to "supplement or correct" a prior interrogatory response "in a timely manner." MCR 2.302(E)(1)(a)(*i*). One wonders whether plaintiff's third, different-and-distinct assertion regarding

coverage should be considered "timely," as it was made after the close of discovery and, in district court, discovery is not permitted "except by leave of the court or on the stipulation of all parties." MCR 2.301(A)(2). Setting timeliness aside, our court rules also require that discovery disclosures and responses be "complete and correct" when made, MCR 2.302(G), and, specifically with respect to interrogatory answers, "include such information as is available to the party served," MCR 2.309(B)(1). Whether plaintiff had no-fault coverage on a vehicle at the time of the collision was not a question that should have required in-depth investigation, ongoing factual development, or nuanced explanation. The answer to the question is a key—no, *the* key—piece of information on which plaintiff's entire lawsuit hinges, and plaintiff provides no justification for his third different-and-distinct statement other than, "After further investigation . . . ." The duty to supplement or correct an interrogatory response should not be turned into license to excuse what can only charitably be called inconsistent and sloppy discovery.

As to the final ground cited by the majority, this seems to me to be the least persuasive. As the majority correctly describes the case law, "[W]hen a party makes an assertion in a 'clear, intelligent, and unequivocal' manner, it is generally considered binding against the party *unless* they can explain a discrepancy or demonstrate a mistake." In support, the majority cites *Bakeman v Citizens Ins Co of the Midwest*, __ Mich App __, __; __ NW2d __ (2022) (Docket No. 357195), a case on which I sat in majority. In that case, the plaintiff provided arguably conflicting testimony during a single deposition, and we had to consider whether to apply a bright-line rule of exclusion or not. We decided not to apply a bright-line rule, concluding that a person who gives conflicting testimony during a single deposition is not likely "trying to thwart a procedural rule [about creating a factual question], especially where that individual demonstrated a lack of guile." *Id.*, slip op at 6.

Similarly, I do not advocate here for applying a bright-line rule of exclusion to every instance of inconsistent interrogatory answers. But, it frankly escapes me how "the totality of [plaintiff's] statements" in this case supports his position on appeal—plaintiff provided three different, mutually inconsistent statements of "fact"; the question is a relatively simple, straightforward one; plaintiff had, or reasonably should have had, the information at-hand; and there is nothing in this record to suggest that plaintiff's three wholly inconsistent statements were the product of "inadvertence or imprecision," notwithstanding the majority's assertion to the contrary.

In agreement with the circuit court, I see no merit in plaintiff's appeal and would affirm the circuit court's affirmance of the district court's grant of summary disposition in favor of defendant. On remand, defendant may be entitled to an award of attorney fees and costs as a discovery sanction, a matter that I note is not before us on appeal.

Accordingly, I respectfully dissent.

/s/ Brock A. Swartzle